E-FILED
Thursday, 06 January, 2005  04:40:02 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
JAN 0 6 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JANICE TUXHORN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION<br><br>        Defendants. | No.: 05-3004<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Now comes Plaintiff, Janice Tuxhorn, by John E. Kerley of Kerley and Associates, P.C., and for her Complaint against Defendants, Charles Shonkwiler, Pam Jurkoshek, Roberta Fews, and Macon-Piatt Regional Office of Education, states as follows:

**JURISDICTION**

1.  This cause arises under 42 U.S.C. 1983, 1988 and jurisdiction of this Court arises under 28 U.S.C. 1343.

**PARTIES**

2.  Plaintiff, Janice Tuxhorn, is an adult female who at all times relevant was and is a resident of the State of Illinois.

3.  Defendant, Charles Shonkwiler ("Shonkwiler") is an adult male resident of the State of Illinois, and at all times relevant hereto was the regional superintendent of schools of the Macon-Piatt Regional Office of Education.

-1-

4. Defendant, Pam Jurkoshek ("Jurkoshek") is an adult resident of the State of Illinois and at all relevant times was the coordinator of the Macon Corrections Special Education ("MCSED").

5. Defendant, Roberta Fews ("Fews") is an adult resident of the State of Illinois, and at all relevant times was the deputy director of the Illinois Department of Corrections.

**FACTUAL BACKGROUND**

6. Plaintiff began her employment with MCSED on or about October 1, 1992 and most recently as a clerical technician.

7. There is nothing in the job duties of Plaintiff's position that made or makes political considerations a requisite for the position.

8. On or about June 30, 2004 Plaintiff's employment with MCSED was terminated on a political basis by the Defendants.

**PLAINTIFF'S CLAIMS**

**COUNT I**

9. At all times relevant hereto Plaintiff had the right to freedom of association as guaranteed her by the First Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment.

10. The Defendants' termination of Plaintiff from her position at MCSED on a political basis violated Plaintiff's rights as guaranteed him by the First Amendment to the United States Constitution.

11. Defendants acted under color of state law.

12. As a result of Plaintiff's termination and the denial of the position she held at MCSED, Plaintiff has suffered loss of wages and other fringe benefits in an amount of not less than Two Thousand Five Hundred Seventy-Nine Dollars ($2,579.00) per month; she has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity, and the inability to pursue her chosen career, wherefore, Plaintiff is entitled to damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

13. The termination of Plaintiff's employment and denial of her position at MCSED was done in knowing violation of Plaintiff's rights as protected by the First and Fourteenth Amendments to the United States Constitution or with reckless disregard of said rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

14. This Court should enter an injunction requiring Defendants to restore Plaintiff to her position with MCSED.

WHEREFORE, Plaintiff, Janice Tuxhorn, respectfully prays that this Court will grant her compensatory and punitive damages in an amount not less than One Million Dollars ($1,000,000.00) plus reasonable attorneys fees and costs incurred in this cause, and for such other relief as this Court deems just. Further, Plaintiff prays for injunctive relief in the form of an order returning

Plaintiff to her position with MCSED and from taking any further action in retaliation for the Plaintiff's protection of her civil rights in this cause.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS.

### COUNT II

15. Macon-Piatt Regional Office of Education is an entity which has been contracted by the Illinois Department of Corrections to provide educational programming to inmates incarcerated in the Illinois Department of Correction System.

16-20. Plaintiff repeats and realleges paragraphs 1 through 5 as and for paragraphs 16 through 20 as if fully set forth herein at this point.

21. Plaintiff entered into an employment contract with the Macon Piatt-Regional Office of Education that ran from the period of July 1, 2003 to June 30, 2004 (the "contract"). A copy of the contract is attached hereto as Exhibit A.

22. The MCSED employee handbook was attached to and made part of the contract. A copy of the handbook is attached hereto as Exhibit B.

23. According to the handbook, the contract was subject to renewal provided the Illinois Department of Corrections continued funding for Plaintiff's position, Plaintiff's work performance was satisfactory, and Plaintiff possessed appropriate certification for

her position. This created in Plaintiff a reasonable expectation the contract would be renewed if the three aforementioned conditions were met.

24. The three conditions set forth in the handbook were met. Nevertheless, Defendants failed and refused to renew Plaintiff's contract and thereby breached the terms thereof.

25. Plaintiff performed all provisions of the contract required of her.

WHEREFORE, Plaintiff prays for judgment against Defendants Macon-Piatt Regional Office of Education and Charles Shonkwiler in an amount not less than Two Thousand Five Hundred Seventy-nine Dollars ($2,579.00) per month plus fringe benefits, attorney's fees, and costs of suit.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

## COUNT III

26 - 30. Plaintiff repeats and realleges paragraphs 1 through 5 as and for paragraphs 26 through 30 as if fully set forth herein at this point.

31 - 33. Plaintiff repeats and realleges paragraphs 21 through 23 as and for paragraphs 31 through 33 as if fully set forth herein at this point.

34. Defendants Shonkwiler, Jurkoshek and Fews knew Plaintiff had a reasonable expectation of continued employment pursuant to

the terms of the contract with Macon-Piatt Regional Office of Education/MCSED.

35. Defendants Shonkwiler, Jurkoshek and Fews purposefully and in conspiring manner interfered with the renewal of the contract and thereby prevented the contract from being renewed.

36. As a direct result of Defendant's interference with renewal of the contract Plaintiff has been damaged and suffered loss of wages and other fringe benefits in an amount not less than Two Thousand Five Hundred Seventy-nine Dollars ($2,579.00) per month; she has also suffered stress, tension, humiliation, injury to reputation, interference with future earning capacity and the inability to pursue her chosen career, wherefore, Plaintiff is entitled to damages in an amount of Five Hundred Thousand Dollars ($500,000.00).

37. Defendants interference with Plaintiff's employment was willful, wanton, and malicious and in knowing violation of Plaintiff's rights, wherefore, Plaintiff is entitled to punitive damages in the amount of Five Hundred Thousand Dollars ($500,000.00).

WHEREFORE, Plaintiff, Janice Tuxhorn, respectively prays that this Court will grant her compensatory and punitive damages in an amount not less than One Million ($1,000,000.00) plus reasonable attorney's fees and costs incurred in this cause.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

                      Janice Tuxhorn, Plaintiff

              By: _____
                    John E. Kerley, her attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006