E-FILED
Tuesday, 15 March, 2005  11:06:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANICE TUXHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 05-2020 |
| | ) |
| CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANT'S MOTION TO DISMISS
WITH SUPPORTING BRIEF**

NOW COMES Defendant ROBERTA FEWS, by and through her attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff's Complaint. In support thereof, Defendant ROBERTA FEWS submits the following Brief:

**I.    INTRODUCTION**

Plaintiff filed a complaint pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 on January 6, 2005, which consists of three counts. Two of the counts include charges against Roberta Fews, the deputy director of the Illinois Department of Corrections. (Complaint, p. 2). In Count I, Plaintiff alleges that Defendant Fews, along with the remaining Defendants, violated her First Amendment right of freedom of association. Plaintiff specifically claims that Defendants "terminated" her from her position with Macon Corrections Special Education for a political reason.[1] (Complaint, p. 2). Plaintiff alleges

---

[1] According to Plaintiff's Complaint, it appears that Macon-Piatt Regional Office of Education and Macon Corrections Special Education are the same entity.

in Count III that Defendant Fews conspired with the remaining defendants to prevent the renewal of Plaintiff's contract for employment with the Macon-Piatt Regional Office of Education. Plaintiff attaches an executed copy of the "Employment Contract" [hereinafater "contract"] to her Complaint. Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

Defendant Fews submits that Plaintiff's Complaint should be dismissed because: (1) Plaintiff has failed to allege facts which provide minimal notice of her claim; (2) Plaintiff's claim that Defendant Fews conspired to prevent the renewal of her contract fails to state a cause of action; and (3) Defendant Fews is entitled to qualified immunity.

**II.    ARGUMENTS**

    **A.    PLAINTIFF HAS FAILED TO MAKE ALLEGATIONS WHICH PROVIDE DEFENDANT FEWS WITH MINIMAL NOTICE OF HER CLAIM.**

Federal Rule of Civil Procedure 8(a)(2) provides that pleadings which set forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The statement must "give the defendant fair notice of what the plaintiffs' claim is and the grounds upon which it rests." Coney v. Gibson, 355 U.S. 41, 47 (1957). Defendant acknowledges that notice pleading requirements in federal court do not require a plaintiff to plead all facts involved in the claim. Highs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002). While pleading conclusions in a complaint is permissible, attaching "bare legal conclusions to narrated facts which fail to outline the bases of [the] claim" is not. Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). Plaintiff must "provide the defendant with at least minimal notice of the claim." Highs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002).

The Plaintiffs in Perkins filed an employment discrimination case with the United State District Court for the Northern District of Illinois following their discharge from the

positions of probationary officers. In dismissing the complaint for failure to state any claim upon which relief could be granted, the Court found that the complaint consisted of no specific incidents of harassment to identify when any of the alleged incidents occurred. Perkins at 468. The Perkins Court further noted that even under the liberal notice pleading, a plaintiff must identify the grounds upon which claims are based. Id. at 467. Here, Plaintiff similarly fails to provide any facts upon which Defendant Fews may discern what wrongful conduct she is alleged to have committed. No specific incidents nor grounds for Plaintiff's allegations are contained in the Complaint.

Specifically, Plaintiff alleges that her employment with Macon Correctional Special Education was terminated on a political basis by Defendants on June 30, 2004. The contract attached to Plaintiff's Complaint indicates that Plaintiff's contractual agreement with Macon-Piatt Regional Office of Education began on July 1, 2003, and ended on June 30, 2004. (Complaint, Exhibit A). According to the contract, either party may terminate the contract, without cause, 30 days after the submission of a written notice. Further, the contract, which contains the entire agreement as to the duration of employment, provides that the employee agrees and understands that "on termination by employer, whether at the conclusion of this employment contract period or sooner, employee shall have no claim or right to continue employment on the basis of length of service with the employer or any predecessor of employer." (Complaint, Exhibit A).

In Count I, Plaintiff merely recites legalese and general statements of law. Plaintiff alleges only the following: (1) that she had the right to freedom of association guaranteed by the First Amendment to the United States Constitution; (2) that Defendants terminated her from her position for a political reason in violation of that right; and (3) that Defendants acted under color of state law. As the Perkins Court noted, general statements of law,

unsupported by facts, do not meet the notice pleading requirements set forth in Rule 8(a)(2). Id.

Plaintiff's Complaint does not provide Defendant Fews with sufficient facts which would put her on notice of her alleged wrongdoing. There are no specific allegations against Defendant Fews. Defendant Fews was not Plaintiff's employer. She is not a signatory to the contract for employment. According to the contract, whether or not Plaintiff's employment would continue or terminate was at the discretion of Macon-Piatt Regional Office of Education. The only way the Illinois Department of Corrections could effect Plaintiff's employment is by failing to make appropriations to fund Plaintiff's position. Plaintiff does not state that any decision to not appropriate funds for Plaintiff's position was made by Defendant Fews or, if that decision was made, it was made for an improper reason.

Further, the contract specifically states that Plaintiff's contracted ended on June 30, 2004. But, Plaintiff alleges in conclusory and unsupported statements in Count I that Defendants "terminated" her from her position. As stated, the contract provides that the employee has no claim or right to future employment. Irrespective, Plaintiff has not set forth sufficient facts which would put Defendant Fews on notice that Defendant Fews engaged in wrongdoing. At best, the facts indicate that Plaintiff's contract ended on June 30, 2004, and she did not enter into a new contract with the employer.

In Count III, Plaintiff conclusorily alleges only the following: (1) that she entered into an employment contract with Macon-Piatt Regional Office of Education that ran from July 1, 2003, to June 30, 2004; (2) that a handbook attached to and made part of the contract provides that the contract is "subject to renewal" if the Illinois Department of Corrections continued funding for Plaintiff's position, Plaintiff's work performance was satisfactory, and

Plaintiff possessed appropriate certification for her position. (Complaint, p. 4-5)[2]; (3) that Plaintiff had a reasonable expectation, of which Defendants were aware, that the contract would be renewed if these conditions were met; and (4) that Defendants purposefully and in conspiracy interfered with the renewal of the contract, thereby preventing the contract from being renewed. (Complaint, p. 6). Defendant Fews is not alleged to be Plaintiff's employer. Plaintiff makes no allegations of what actions, if any, Defendant Fews engaged in. Defendant Fews is not a party to Plaintiff's employment contract and there are no specific allegations made against Defendant Fews.

Liability under Section 1983 requires that there be a direct, personal responsibility on Defendants' part for those acts or omissions claimed to have deprived Plaintiff of his rights. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982); Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981). Plaintiff's complaint is void of sufficient facts which would put Defendant Fews on notice that she is charged with having personal responsibility for any acts or omissions which gave rise to the vague assertions and bare legal conclusions in Plaintiff's Complaint. Therefore, Defendant Fews respectfully requests that Plaintiff's complaint be dismissed.

**B.   PLAINTIFF'S CLAIM THAT DEFENDANT FEWS INTERFERED AND CONSPIRED TO INTERFERE IN THE RENEWAL OF HER CONTRACT FAILS TO STATE A CAUSE OF ACTION.**

Plaintiff brings this civil rights complaint pursuant to section 1983 and 1988. Section 1983 imposes liability upon any person acting under the color of law who subjects a person to the "deprivation of any rights, privileges, or immunities secured by the Constitution and the laws." Plaintiff does not have, nor does she allege that she has, a

---

[2] The contract also provides that the employee has no claim or right to future employment; that the contract is renewable at the discretion of the employer and; that the contract may terminated without cause.

constitutionally protected right in continued employment with the Macon-Piatt Educational School District. Section 1983 is not the proper statute under which a plaintiff may assert a claim of conspiracy to violate one's civil rights. Therefore, to the extent that Plaintiff attempts to hold Defendant Fews liable under Section 1983 for an alleged deprivation of constitutional rights, her claim should be dismissed.

Without waiving the above argument, Defendant Fews submits Plaintiff's claim must still fail. Plaintiff's contract for employment specifically indicates that "[e]ither party may at his/her option, and without cause, terminate this agreement by giving the other party (30) days prior written notice." (Complaint, Exhibit A).[3] The employee handbook which Plaintiff references in her Complaint provides that "[e]mployment *may* (emphasis added) be renewed each July through June contract year, provided Department of Corrections funding is continued, work performance is satisfactory, and the employee possesses appropriate certification." (Complaint, Exhibit B). The contract does not indicate that Plaintiff's contract *shall* be renewed if those conditions are met. As noted above, the clear and unambiguous language of the contract indicates that the employee shall have no claim or right to continued employment. (Complaint, Exhibit A). Because the contract allows the employer to terminate the contract without cause and the contract gives the employer discretion to renew the contract by use of the word "may," even when the above-cited conditions are met, Plaintiff cannot establish she had a reasonable expectation of continued employment.

In addition, Plaintiff does not have a property interest in continued employment. Although Plaintiff alleges that she was terminated on June 30, 2004, the exhibit that she attaches to her complaint, the contract, reveals that the agreement terminated on that

---

[3] Plaintiff does not allege that she was not provided a 30 day notice.

date. And, in specifically providing that the employee does not have a claim of right to continued employment, the contract makes clear that Plaintiff does not have a reasonable expectation of continued employment, and thus, no property or liberty interest in same. If Plaintiff does not have said reasonable expectation, then Defendant Fews cannot be liable for any alleged interference with the contract's renewal.

    **C.    DEFENDANT FEWS IS ENTITLED TO QUALIFIED IMMUNITY**

A public official is entitled to qualified immunity if his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). See also Chathas v. Smith, 884 F.2d 980, 989 (7th Cir. 1989), cert. denied, 493 U.S. 1095, 110 S. Ct. 1169 (1990). Unless it has been authoritatively decided that certain conduct is forbidden, the public official is entitled to qualified immunity. Rice v. Burks, 999 F.2d 1172, 1174 (7th Cir. 1993); Alliance to End Repression v. City of Chicago, 820 F.2d 873, 875 (7th Cir. 1987). The plaintiff has the burden of establishing the existence of the alleged clearly established constitutional right by reference to closely analogous cases. Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988), cert. denied, 488 U.S. 968, 109 S. Ct. 497 (1988).

A two-part test is used to analyze qualified immunity. Triad Associates, Inc. v. Renault Robinson, 10 F.3d 492 (7th Cir. 1993). The first part of the analysis requires that the facts alleged show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If no constitutional right is violated, the qualified immunity inquiry ends there. Id. The second step requires that the statutory or constitutional violations alleged were so clearly established that a reasonable official would have understood at the time of the incident that the conduct violated the law. Triad Associates,

10 F.3d at 497.  "For qualified immunity to be surrendered, preexisting law must dictate, that is truly compel . . . the conclusion for every like-situated, reasonable government agent that what he is doing violates federal law in the circumstances." Khuans v. School District 10, 123 F.3d 1010, 1020-21 (7th Cir. 1997), quoting Lassiter v. Alabama A & M University, 28 F.3d 1146 (11th Cir. 1994)(emphasis in original).

The Plaintiff has not alleged that she has a constitutional right to the renewal of her employment contract.  That Plaintiff can bring a suit for non-renewal of an employment contract, where no property or liberty interest in said employment exists, is not clearly established.  Further, it is not clearly established that the First Amendment gives the Plaintiff the right to sue, based upon an employment decision, an individual who is not her employer and who has no authority to make employment related decisions.  In addition, the contract specifically indicates that the employee has no right to future employment and that the contract can be terminated for cause.  Thus, the contract reveals that it is not clearly established that a federal right to renewal of the contract exists.

Defendant Fews submits that no constitutional right was violated.  In the alternative, if the Court finds otherwise, Plaintiff's right was not so clearly established that Defendant Fews would have understood at the time of the incident that her conduct violated the law.

### III.    CONCLUSION

Plaintiff has failed to provide Defendant Fews with sufficient notice of the claims made against her.  Plaintiff has also failed to state a cause of action with regard to Count III of her Complaint.  Therefore, Defendant Fews respectfully requests that this Honorable Court dismiss Plaintiff's Complaint.

WHEREFORE, for the above and foregoing reasons, Defendant Fews respectfully requests this Honorable Court grant her Motion to Dismiss. In the alternative, Defendant Fews requests that this Court grant her Motion for More Definite Statement.

    Respectfully submitted,

    ROBERTA FEWS,

        Defendant,

    LISA MADIGAN, Attorney General,
    State of Illinois,

Ericka Sanders, #06256622        Attorney for Defendant,
Assistant Attorney General
500 South Second Street        By:   s/ Ericka Sanders
Springfield, Illinois 62706            ERICKA SANDERS
(217) 782-9056                  Assistant Attorney General

Of Counsel.

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |  |
|---|---|---|
| JANICE TUXHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-2020 |
| | ) | |
| CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2005, I electronically filed Defendant's Motion to Dismiss with Supporting Brief, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

John Kerley at LawyerJohn@aol.com

and I hereby certify that on March 15, 2005, I mailed by United States Postal Service, the Defendant's Motion to Dismiss with Supporting Brief, to the following non-registered participants:

Dennis L. Weedman
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
420 Millikin Court
Decatur, IL   62523

Respectfully submitted,

  /s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Attorney for Defendant, ROBERTA FEWS
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782-8767
E-Mail: esanders@atg.state.il.us