E-FILED
Tuesday, 15 March, 2005  11:08:46 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| JANICE TUXHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 05-2020 |
| | ) | |
| CHARLES SHONKWILER, PAM | ) | |
| JURKOSHEK, ROBERTA FEWS, | ) | |
| AND MACON-PIATT REGIONAL | ) | |
| OFFICE OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR MORE DEFINITE STATEMENT

NOW COMES Defendant ROBERTA FEWS by and through her attorney, Lisa Madigan, Attorney General of the State of Illinois, and pursuant to Fed. R. Civ. P. 12(e), hereby submits her Motion for a More Definite Statement. In support thereof, it is stated:

1.  Plaintiff filed a complaint pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988 on January 6, 2005, which consists of three counts. Two of the counts include charges against Roberta Fews, the deputy director of the Illinois Department of Corrections. (Complaint, p. 2). In Count I, Plaintiff alleges that Defendant Fews, along with the remaining Defendants, violated her First Amendment right of freedom of association. Plaintiff specifically claims that Defendants "terminated" her from her position with Macon Corrections Special Education for a political reason.[1] (Complaint, p. 2). Plaintiff alleges in Count III that Defendant Fews conspired with the remaining defendants to prevent the renewal of Plaintiff's contract for employment with the Macon-Piatt Regional Office of Education. Plaintiff filed a complaint on January 6, 2005, pursuant to 42 U.S.C. 1983 and

---

[1] According to Plaintiff's Complaint, it appears that Macon-Piatt Regional Office of Education and Macon Corrections Special Education are the same entity.

1988, in which she alleges that Defendant Fews violated her First Amendment Right of freedom of association by terminating her from her position for political reasons. Plaintiff further alleges that Defendant Fews intentionally and in a conspiratorial manner prevented the renewal of Plaintiff's contract for employment.

2. Plaintiff fails to provide Defendant Fews with at least minimal notice of the claim against her. Highs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002), Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). Plaintiff had an contract for employment with Macon-Piatt Regional Office of Education. Plaintiff alleges that she was "terminated" on that date. Defendant Fews was not a party to the contract. Defendant Fews was not Plaintiff's employer. Yet, Plaintiff alleges that all named defendants violated her First Amendment rights by "terminating" her from her position for political reasons. According to the employment contract that Plaintiff attaches to her Complaint, the only manner in which the Illinois Department of Corrections could effect the renewal of Plaintiff's contract is by not appropriating funds for Plaintiff's position. Plaintiff does not allege that Defendant Fews had any role in the decision to fund the position. In short, Defendant Fews cannot determine why she is a party to this suit based upon the allegations in Plaintiff's Complaint.

3. Defendant Fews acknowledges that plaintiffs are only required to plead facts that are sufficient to notify Defendant of the claim. However, Rule 12(e) of the Federal Rules of Civil Procedure explicitly allows defendants to seek a more definite statement when a pleading is too vague and ambiguous to allow them to frame a responsive pleading. Fed. R. Civ. P. 12(e). See also, Harman v. Valley Nat'l Bank of Arizona, 339 F.2d 564 (9th Cir. 1964); New Home Appliance Center, Inc. v. Thompson, 250 F.2d 881 (10th Cir. 1957); Kimberly-Clark Corp. v. Kleenize Corp., 194 F. Supp. 876 (D.C. Ga. 1961).

4.    Defendant Fews asserts that Plaintiff has failed to provide enough information about her various claims in her Complaint to allow Defendant to effectively respond and answer her charges.

WHEREFORE, for the above reasons, Defendant Fews respectfully requests that this Honorable Court order Plaintiff to provide a more definite statement regarding the events described above.

          Respectfully submitted,

          ROBERTA FEWS,

            Defendant,

          Lisa Madigan, Attorney General,
          State of Illinois,

Ericka Sanders, #06256622　　　　      Attorney for Defendant,
Assistant Attorney General
500 South Second Street　　　　      By:  s/ Ericka Sanders
Springfield, Illinois 62706　　　　         ERICKA SANDERS
(217) 782-9056　　　　                 Assistant Attorney General

Of Counsel.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| JANICE TUXHORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 05-2020 |
| ) | |
| CHARLES SHONKWILER, PAM ) | |
| JURKOSHEK, ROBERTA FEWS, ) | |
| AND MACON-PIATT REGIONAL ) | |
| OFFICE OF EDUCATION, ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2005, I electronically filed Defendant's Motion for More Definitive Statement, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

John Kerley at LawyerJohn@aol.com

and I hereby certify that on March 15, 2005, I mailed by United States Postal Service, the Defendant's Motion for More Definitive Statement, to the following non-registered participants:

Dennis L. Weedman
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
420 Millikin Court
Decatur, IL   62523

Respectfully submitted,

  /s/ Ericka Sanders
Ericka Sanders, Attorney Bar #6256622
Attorney for Defendant, ROBERTA FEWS
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: esanders@atg.state.il.us