IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANICE TUXHORN,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION<br><br>        Defendants. | No.: 05-2020 |

**PLAINTIFF'S RESPONSE TO DEFENDANT ROBERTA FEWS'
MOTION TO DISMISS WITH SUPPORTING BRIEF**

Now comes Plaintiff, Janice Tuxhorn, by and through her attorney John E. Kerley of Kerley & Associates, P.C., and hereby states the following in opposition to the Motion to Dismiss filed on behalf of Defendant Roberta Fews:

**I.   INTRODUCTION**

The Plaintiff has filed a three-count complaint.  Counts I and III are directed against, among others, Defendant Fews.  In Count I Plaintiff alleges that Fews, acting under color of state law, was involved in Plaintiff's employment termination in violation of the First Amendment prohibition on politically based termination. Count III is based on the state law theory of tortuous interference with prospective economic advantage thereby invoking this Court's supplemental jurisdiction.  Fews has responded to the complaint by

filing a motion to dismiss pursuant to FRCP 12(b)(6). For reasons which follow Fews' Motion should be denied. Alternatively, if the Court agrees with Fews that a more detailed pleading is necessary the appropriate remedy would be to order Plaintiff to file an amended complaint as is contemplated by FRCP 15(a).

## II.   STANDARD GOVERNING THIS MOTION

A motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. A motion to dismiss should not be granted "unless it appears beyond doubt that the Plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

In considering the present motion to dismiss this Court must accept as true all material allegations of the complaint and construe the complaint in favor of Plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.CT. 2197, 45 L.Ed.2d 343 (1975). In deciding on a motion to dismiss, this court considers whether relief would be possible under any set of facts that could be established consistent with the allegations in the complaint. This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

In *Coil v. Jack Tanner Towing Company, Inc.*, 242 F.Supp.2d

555, 557 (S.D. Ill, 2002), this Court outlined the liberal standards which govern federal notice pleading. In this respect, the Court held:

> When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. This standard also has been articulated:
>
>> [U]nder "simplified notice pleading," ... the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
>
> The Seventh Circuit has reiterated the liberal standard governing notice pleading:
>
>> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action.... As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration.
>
> In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. (Internal Citation omitted).

FRCP 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court said in effect that the Rule means what it says:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Id., at 47 (footnote omitted).

### III. ARGUMENTS

**A. PLAINTIFF HAS MADE ALLEGATIONS TO PROVIDE DEFENDANT WITH AT LEAST MINIMAL NOTICE OF THE CLAIM.**

Fews maintains that Plaintiff's complaint is insufficient as a matter of law because it is largely conclusorily in nature and does not plead the facts to support the conclusions. Defendants argument, however, completely ignores the liberal pleading requirements of the Federal Rules of Civil Procedure and essentially invites this Court to mandate fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires nothing more than a short and plain statement of the claim showing that the pleader is entitled to relief. The Supreme Court has rejected the notion that anything more is necessary. *Connelly v. Gibson*, 355 U.S. 41 (1957). Plaintiff has satisfied this requirement.

Count I alleges all that is necessary to put Defendant on notice that a claim for a First Amendment violation is made. Plaintiff alleges that she was terminated on a political basis; that the job was not one that made or makes political considerations a requisite for the position; that Plaintiff had a right to the freedom of association guaranteed by the First

Amendment; that the Defendant acted under color of state law; that the political termination of employment violated the First Amendment; that the violation was done with reckless disregard of Plaintiff's rights; and that damage resulted therefrom.  This is all that is required.  Contrary to the argument advanced by Defendant, a Complaint is sufficient by merely pleading conclusions as long as those conclusions provide the Defendant with minimal notice of the claim.  *Scott v. City of Chicago*, 195 Fed.3d 950 (7th Cir. 1999); *Jackson v. Marion County*, 66 Fed.3d 151 (7th Cir. 1995).  In fact, our Circuit Court has discouraged Plaintiffs from being specific when drafting a Complaint.  *Bartholet v. Reishauer*, 953 Fed.2d 1073 (7th Cir. 1992).

Defendant Fews also suggests that she cannot be held liable because she was not Plaintiff's employer.  That, however, is not an issue that should be addressed on a Motion to Dismiss.  In a case such as this liability can rest on anyone who has personal responsibility for the alleged violation of Plaintiff's rights.  *Jacobs v. Anderson*, 2000 U.S. Dist. LEXIS 16633 (N. D. IL 2000).  As noted by Judge Kennelly in that case, whether or not someone had personal responsibility for the rights violation is something that can be determined through the discovery process.  If in that process personal responsibility cannot be established then the issue should be raised in a Motion for Summary Judgment.  This is what should happen in the case at bar.

Defendant also argues that Count III should be dismissed because it contains conclusorily allegations. As to this point, for the sake of brevity, Plaintiff simply incorporates the arguments regarding Count I as if set forth herein at this point.

Furthermore, Fews overlooks the nature of the claim in Count III. Fews apparently assumes that Count III is based on a violation of Section 1983. However, this is not the case. Count III is a state law claim of tortuous interference with prospective economic advantage that has made its way into this Court through supplemental jurisdiction.

Tortuous interference with a prospective economic advantage has four elements. First, the Plaintiff must have a reasonable expectancy of a valid business relationship. Second, a Defendant must know about it. Third, Defendant must intentionally interfere with the expectancy so as to prevent it from ripening into a valid business relationship. Fourth, there must be an intentional interference that injures the Plaintiff. *Schuler v. Abbott Laboratories*, 265 Ill.App.3d 991 (1st Dist. 1993).

Plaintiff has pled enough to put Defendant on Notice of what the claim is about. Plaintiff has alleged that Defendants knew Plaintiff had a reasonable expectation of continued employment under the terms of the contract at issue but nevertheless purposely interfered with contract renewal. It is further alleged that as a result of Defendant's conduct Plaintiff lost wages and other fringe

benefits. Thus, Plaintiff has alleged all that is necessary to state a claim.

Fews suggests that Plaintiff cannot state a valid claim because the employment contract can be terminated with or without cause upon thirty days written notice by either party. However, the contract also provides that "Continuation of this agreement, and all obligations, agreements and covenants shall be subject to and contingent upon approval and existence of funding from the Department of Corrections." In the case at bar Plaintiff has alleged that there was indeed funding from the Department of Corrections, therefore, the employee does have certain rights which cannot be interfered with in an improper manner or for an improper purpose. Plus, one can infer from the pleadings renewal was imminent but for Fews' conduct.

Fews also argues that she cannot be held liable because she was not Plaintiff's employer. It is true that a Plaintiff must show that a Defendant had a personal responsibility for the claimed depravation of a constitutional right. *Crowder v. Lash*, 687 Fed.2d 1996 (1982). "However, a Defendants direct participation in the depravation is not required. An official satisfies the personal responsibility requirement of Section 1983 if she acts or fails to act with a deliberate or reckless disregard of Plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and

-7-

consent." Id. at 1005.  The issue of whether or not Fews had personal responsibility for what took place will be addressed during discovery.  If Plaintiff cannot adduce evidence that Fews had personal responsibility then the matter can be brought up again in a Motion for Summary Judgment.  But, this is not an issue that can be determined on a Motion to Dismiss.  *Jacobs v. Anderson*, 2000 U.S. Dist. LEXIS 16633, 8-9 (N. D. IL 2000).

**B.    FEWS IS NOT ENTITLED TO QUALIFIED IMMUNITY**

Fews could not credibly argue that there is no prohibition on denying a public employee a job because of political affiliation. The law on this point has been clear at least since *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990) was decided.  The "Rutan" rule does not apply if political loyalty is an appropriate qualification for the position.  Of course, Plaintiff has alleged that there was nothing in the job duties that made the position one for which political considerations were appropriate.  Thus, there are sufficient allegations to show that Fews' conduct violated the constitutional right.  Likewise, there is sufficient precedent to have put Fews on notice that her alleged conduct is forbidden. Fews argues that it is not clearly established that a First Amendment Claim can be brought against someone who is not an employer.  This argument must fail.  One does not have to be an employer or have direct participation to be liable for the deprivation of a constitutional right.  All that is necessary is

that "the Defendant set in motion a series of events that the Defendant knew or should reasonably have known would cause others to deprive the Plaintiff of his or her constitutional rights. *De Mauro v. Maltese*, 200 U.S. Dist. LEXIS 662 (N. D. IL 2000). In *De Mauro* the Northern District made it clear that this principal applies in First Amendment cases. In the case at bar, Plaintiff has sufficiently made allegations to put Defendant on notice that she, at a minimum, was either directly involved in the misconduct or set in motion a series of events that she should have known or did know would cause others to deprive Plaintiff of a constitutional right. Therefore, Plaintiff's Complaint should stand.

WHEREFORE, Plaintiff, Janice Tuxhorn, prays for denial of Defendant's Motion to Dismiss or, in the alternative, that Plaintiff be allowed to file an Amended Complaint.

                Janice Tuxhorn, Plaintiff


             By: /s/ John E. Kerley
                John E. Kerley, her attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006

**PROOF OF SERVICE**

I hereby certify that on April 11, 2005, I electronically filed the foregoing Plaintiff's Response to Defendant Roberta Fews' Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

esanders@atg.state.il.us

dweedman@rsnlt.com

Respectfully submitted

/s/ John E. Kerley
John E. Kerley, Attorney for Plaintiff
John E. Kerley
Kerley & Associates, P.C.
Reg. #6201458
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax: (217) 726-0006
LawyerJohn@aol.com