E-FILED
Monday, 11 April, 2005 04:28:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANICE TUXHORN,<br><br>    Plaintiff,<br><br>    v.<br><br>CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION<br><br>    Defendants. | No.: 05-2020 |

**PLAINTIFF'S RESPONSE TO DEFENDANT ROBERTA FEWS'
MOTION FOR MORE DEFINITE STATEMENT**

Now comes Plaintiff, Janice Tuxhorn, by and through her attorney John E. Kerley of Kerley & Associates, P.C., and for her response to Defendant Roberta Fews' Motion for More Definite Statement states as follows:

When drafting a Complaint the pleader need only set forth a short, plain statement showing an entitlement to relief. *America Nurses Association v. Illinois*, 783 Fed.2d 716, 725 (7th Cir. 1986). Because of this liberal pleading requirement, a Motion for More Definite Statement is disfavored and will be granted sparingly. *555 Manufacturing v. Calvin Klein*, 13 F.Supp.2d 719 (N. D. IL 1998). Motions for more definite statement are not to be used as a substitute for discovery. *Board of Trustees v. Illinois Range, Inc.*, 186 F.R.D.498 (N. D. IL 1999). A motion for more definite

statement should be granted only when the Plaintiff's complaint is unintelligible. *Guess ?, Inc. V. Chang*, 912 F.Supp. 372 (N. D. IL 1995). It is respectively submitted that the Defendant's Motion for More Definite Statement should be denied.

Defendant Fews has filed a Motion to Dismiss in addition to her Motion for a More Definite Statement. Plaintiff has filed a written response to the Motion to Dismiss. That response adequately explains why the Motion for More Definite Statement should be denied. Consequently, Plaintiff's Response to Fews Motion to Dismiss is incorporated herein by reference as if specifically set forth in full at this point.

The Complaint is not unintelligible. In Count I there are adequate allegations to put Fews on notice that she is being sued for violating Plaintiff's First Amendment Rights. In Count III there are sufficient allegations to put Fews on notice that she is being sued for tortuous interference with economic advantage. Any evidence concerning these claims will be uncovered during the discovery process. During that process she will get all the facts she needs to understand why she is either liable or not. In any event, a Motion for More Definite Statement should not be used as a discovery tool.

WHEREFORE, Plaintiff respectively requests an Order denying Defendant Fews' Motion for More Definite Statement.

                                        Janice Tuxhorn, Plaintiff

                                  By: /s/ John E. Kerley
                                      John E. Kerley, her attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 West White Oaks Drive, Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006

## PROOF OF SERVICE

  I hereby certify that on April 11, 2005, I electronically filed the foregoing Plaintiff's Response to Defendant Roberta Fews ' Motion for More Definite Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  esanders@atg.state.il.us

  dweedman@rsnlt.com

            Respectfully submitted

            /s/ John E. Kerley
            John E. Kerley, Attorney for Plaintiff
            John E. Kerley
            Kerley & Associates, P.C.
            Reg. #6201458
            2131 West White Oaks Drive, Suite B-2
            Springfield, Illinois 62704
            Tele: (217) 698-0007
            Fax: (217) 726-0006
            LawyerJohn@aol.com