**E-FILED**
Wednesday, 11 May, 2005  03:53:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| JANICE TUXHORN,<br><br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, and MACON-PIATT REGIONAL OFFICE OF EDUCATION<br><br>　　　　　　Defendants. | No.: 05-2020 |

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILED BY DEFENDANTS SHONKWILER, JURKOSHEK, AND MACON-PIATT REGIONAL OFFICE OF EDUCATION AND MEMORANDUM OF LAW IN OPPOSITION THERETO**

Now comes Plaintiff, Janice Tuxhorn, by John E. Kerley of Kerley & Associates, P.C., and for her Response to Defendants Shonkwiler, Jurkoshek, and Macon-Piatt Regional Office of Education's Motion to Dismiss and Memorandum of Law in Opposition thereto, states as follows:

## I.　　**INTRODUCTION**

On January 3, 2005 Plaintiff filed a three count Complaint. Count I is directed against Defendants Shonkwiler and Jurkoshek. In that Count it is alleged that Defendants, acting under color of state law, were involved in Plaintiff's employment termination in violation of the First Amendment prohibition on politically based termination.  Count II is against Defendants Shonkwiler and the

Macon-Piatt Regional Office of Education.  In that Count it is alleged that Defendants breached a contract of employment with Plaintiff.  Finally, Count III is against Defendants Shonkwiler and Jurkoshek.  In that Count it is alleged that Defendants tortuously interfered with Plaintiff's prospective economic advantage.  The Defendants have responded to the Complaint by filing a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  For reasons which follow Defendants' Motion should be denied. Alternatively, if the Court agrees with Defendants then the appropriate remedy would be to order Plaintiff to file an Amended Complaint as is contemplated by Federal Rules of Civil Procedure 15(a).

## II.  **FACTS**

In their Motion Defendants have gone well beyond the four corners of the Complaint in their attempt to extricate themselves from this litigation.  Specifically, they are relying on the Affidavit of Defendant Jurkoshek to establish that Plaintiff's termination was prompted by budgetary cuts initiated and controlled by the Illinois Department of Corrections.  As explained below in Section 3A of this response the Court should not consider the Jurkoshek Affidavit or any other facts outside of the Complaint. In the event the Court does consider the Affidavit of Jurkoshek then Plaintiff requests that the Court would also consider the Affidavit of Mr. Robert Eifert which is attached hereto as Exhibit

A.  Mr. Eifert was the Associate Superintendent for the Central District of School District 428, which is a part of the Illinois Department of Corrections, at all times relevant to this case.  Mr. Eifert clearly contradicts Jurkoshek's assertion that Plaintiff's termination was prompted by budget cuts at IDOC.

Moreover, the truth lies not so much in what Ms. Jurkoshek stated in her Affidavit as it does in what she did not say.  What Ms. Jurkoshek has failed to tell the Court is that she was called to Co-Defendant Roberta Fews' office a little after 5:00 p.m., presumably on May 25, 2004, and told Ms. Fews had received a call from "someone" stating that Kevin Downey was to be given a thirty day notice.  Ms. Fews did not give details but wanted the letter to go out on May 26, 2004.  Ms. Jurkoshek memorialized these events in an e-mail to Defendant Charles Shonkwiler on Wednesday, May 26, 2004.  A copy of that e-mail is attached hereto as Exhibit B. Noticeably absent from the details in the e-mail is any reference to the termination being budget related.

### III.  <u>ARGUMENT</u>

**A.  <u>Rule 12(b)(6) Standard.</u>**

A motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted.  A motion to dismiss should not be granted "unless it appears beyond doubt that the Plaintiff cannot prove any facts that would support

his claim for relief." *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

In considering the present motion to dismiss this Court must accept as true all material allegations of the complaint and construe the complaint in favor of Plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.CT. 2197, 45 L.Ed.2d 343 (1975). In deciding on a motion to dismiss, this court considers whether relief would be possible under any set of facts that could be established consistent with the allegations in the complaint. This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

In *Coil v. Jack Tanner Towing Company, Inc.*, 242 F.Supp.2d 555, 557 (S.D. Ill, 2002), this Court outlined the liberal standards which govern federal notice pleading. In this respect, the Court held:

> When ruling on a motion to dismiss for failure to state a claim, the district court assumes as true all facts well-pled plus the reasonable inferences therefrom and construes them in the light most favorable to the plaintiff. The question is whether, under those assumptions, the plaintiff would have a right to legal relief. This standard also has been articulated:
>
> > [U]nder "simplified notice pleading," ... the allegations of the complaint should be liberally construed, and the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

-4-

The Seventh Circuit has reiterated the liberal standard governing notice pleading:

> It is sufficient if the complaint adequately notifies the defendants of the nature of the cause of action.... As the Supreme Court has recently reminded us, the Federal Rules of Civil Procedure do not permit us to demand a greater level of specificity except in those instances in which the Rules specifically provide for more detailed elaboration.
>
> In fact, the Seventh Circuit has instructed that a plaintiff's claims *must* survive a 12(b)(6) dismissal motion if relief could be granted under *any* set of facts that could be proved consistent with the allegations. (Internal Citation omitted).

Federal Rules of Civil Procedure 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Conley v. Gibson*, 355 U.S. 41 (1957), the Supreme Court said in effect that the Rule means what it says:

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a "short and plain statement of the claim" that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Id., at 47 (footnote omitted).

It should be noted that Rule 12(b)(6) allows the Court to exclude from a Motion to Dismiss matters outside the Complaint. Defendants have gone well beyond the Complaint in their Motion by filing an Affidavit of Defendant Jurkoshek and stating facts in the Motion which go beyond what is pled in the Complaint. As a result, Plaintiff hereby requests the Court exclude any matters outside the

-5-

Complaint.

Rule 12(b) also provides that if the Court does consider matters outside the Complaint then the Motion to Dismiss should be treated as a Summary Judgment Motion under Rule 56. If the Court chooses to convert the Motion to Dismiss to a Motion for Summary Judgment under Rule 56 then it is respectfully requested that Plaintiff be given reasonable opportunity to present all material made pertinent to such a Motion by Rule 56. Plaintiff further requests that any ruling on such Motion be postponed until the parties have had the opportunity to complete written and oral discovery. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

B. **Defendants Shonkwiler, Jurkoshek and the Regional Office of Education do not Possess Immunity from Liability Under 42 U.S.C. §1983.**

1. Defendant Regional Office of Education is not immune from Section 1983 liability.

To the extent the Court agrees with the argument that the Regional Office of Education has immunity, Plaintiff requests permission to amend so as to avoid the immunity defense. Any immunity the Regional Office may have is not absolute. To the contrary, Plaintiff would be able to state a claim against the Regional Office for injunctive relief. *Kentucky, d/b/a Bureau of State Police v. Graham*, 473 U.S. 159 (1985); see also *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). Thus, if Plaintiff were to ask that Defendant Regional Office re-employ her rather than pay money then the claim would not be one barred by

-6-

either the 11th Amendment or *Monell v. Department of Social Services*, 436 U.S. 658 (1977) and its progeny.

> 2.    <u>Defendants Shonkwiler and Jurkoshek are not entitled to Qualified Immunity under the law.</u>

In *Harlow vs. Fitzgerald*, 457 U.S. 800 (1982) the Court held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Id.</u> at 818. The *Harlow* standard was refined in *Anderson vs. Creighton*, 483 U.S. 635 (1987). In *Anderson* the Court held that the alleged constitutional right must be "clearly established" in a particularized sense. The *Anderson* Court stated "[T]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of the pre-existing law the unlawfulness must be apparent." <u>Id.</u> at 640. Note that it is not necessary for Plaintiff to point to a case that is "precisely on all fours on the facts and law involved here." *Landstrom v. Illinois Dept. Of Children and Family Services*, 892 Fed.2d 670, 676 (7th Cir. 1990). It is not necessary to cite to any case at all if the constitutional violation is obvious. See *Eberhardt v. O'Malley*, 17 Fed.32d 1023, 1028 (7th

Cir., 1994). The failure to cite to a case directly on point is not fatal to the Plaintiff's claim. *Kernats v. O'Sullivan*, 35 Fed.3d 1171, 1176 (7th Cir., 1994).

High-ranking officials such as the Defendants could not reasonably argue that they would not have known improper political firings are unconstitutional and would subject them to potential liability. *Elrod v. Burns*, 427 U.S. 347 (1976) and its progeny clearly establish this fact and Defendants are in the position that would lead to one conclusion; that as reasonable people they would know that what they did to Plaintiff was potentially wrong in light of pre-existing law. Neither side can cite directly to any Seventh Circuit case which holds that a MCSED employee is or is not subject to political dismissal. However, Plaintiff does not have to cite to any such case. This is particularly true where the constitutional violation is obvious. See *Everhart, supra.*

**C.    Plaintiff Has Pled Facts Sufficient to Support a Claim Against the Individual Defendants.**

Defendants apparently overlook the nature of the claim in Count III. Defendants suggest that Count III is based on a theory of a conspiratorial violation of Section 1983. However, this is not the case. Count III is a state law claim of tortuous interference with prospective economic advantage that has made its way into this Court through supplemental jurisdiction.

Tortuous interference with prospective economic advantage has four elements. First, the Plaintiff must have a reasonable

-8-

expectancy of a valid business relationship.  Second, a Defendant must know about it.  Third, the Defendant must intentionally interfere with the expectancy so as to prevent it from ripening into a valid business relationship.  Fourth, there must be an intentional interference that injures the Plaintiff.  *Schuler v. Abbott Laboratories*, 265 Ill.App.3d 991 (1st Dist. 1993).

Plaintiff has plead enough to put Defendants on notice of what the claim is about.  Plaintiff has alleged that Defendants knew Plaintiff had a reasonable expectation of continued employment under the terms of the contract at issue but the Defendants nevertheless purposely interfered with contract renewal.  It is further alleged that as a result of Defendants conduct Plaintiff lost wages and other fringe benefits.  Thus, Plaintiff has alleged all that is necessary to state a claim.

Defendants claim they cannot be held liable because the failure to renew Plaintiff's contract was based on IDOC's determination that there was not funding for the position.  However, as demonstrated by the Affidavit of Mr. Eifert, the budget argument does not fly.

**D.   Plaintiff's Claim for Punitive Damages Against Defendants Shonkwiler and Jurkoshek Should be Allowed.**

Upon further review of applicable case law Plaintiff would agree the punitive damages are not applicable as to Defendant Regional Office.  However, the same is not true with respect to Defendants Shonkwiler and Jurkoshek.  Punitive damages are allowed

-9-

against an individual Defendant personally. *Kentucky, d/b/a Bureau of State Police v. Graham*, 473 U.S. 159, 167 (1985). Plaintiff has alleged that Jurkoshek and Shonkwiler violated her constitutional rights knowingly or with reckless disregard of said rights. Therefore, punitive damages are appropriate.

WHEREFORE, Plaintiff, Janice Tuxhorn, respectfully prays for an Order denying Defendants' 12(b)(6) Motion to Dismiss or, alternatively, if the Motion is allowed that Plaintiff be given the opportunity to file an Amended Complaint. In addition, Plaintiff prays for an Order striking from Defendants' Motion to Dismiss references to any facts other than those as set forth in the Complaint and that such facts that go beyond the allegations of the Complaint not be considered by the Court in ruling on Defendants' Motion to Dismiss.

Janice Tuxhorn, Plaintiff

By: /s/ John E. Kerley
      John E. Kerley, his attorney

Kerley & Associates, P.C.
John E. Kerley
Reg. #06201458
2131 W. White Oaks Dr., Suite B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax: (217) 726-0006

## **PROOF OF SERVICE**

I hereby certify that on May 11, 2005, I electronically filed the foregoing Plaintiff's Response to Motion to Dismiss Filed by Defendants Shonkwiler, Jurkoshek, and Macon-Piatt Regional Office of Education and Memorandum of Law in Opposition Thereto with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

esanders@atg.state.il.us

dweedman@rsnlt.com

Respectfully submitted

/s/ John E. Kerley
John E. Kerley, Attorney for Plaintiff
John E. Kerley
Kerley & Associates, P.C.
Reg. #6201458
2131 W. White Oaks Dr., Ste. B-2
Springfield, Illinois 62704
Tele: (217) 698-0007
Fax:  (217) 726-0006
LawyerJohn@aol.com