IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JANICE TUXHORN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-2020 |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SHONKWILER, PAM JURKOSHEK, ROBERTA FEWS, and MACON-PIATT REGIONAL OFFICE OF EDUCATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO TRANSFER PLAINTIFF'S CASE TO THE SPRINGFIELD DIVISION AND CONSOLIDATE WITH CASE NUMBER 05-3001**

NOW COMES the Defendants, CHARLES SHONKWILER, PAM JURKOSHEK and MACON-PIATT REGIONAL OFFICE OF EDUCATION (hereinafter "ROE"), by ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., Dennis L. Weedman as counsel, and pursuant to 28 U.S.C.A.§ 1404(b), Federal Rule of Civil Procedure 42(a) and Local Rule 42(1) of the United States District Court for the Central District of Illinois, moves this Court to transfer Plaintiff's case to the Springfield Division and consolidate for discovery and trial with Case Number 05-3001, currently pending before the Springfield Division, and in support thereof, states as follows:

1. On or about January 3, 2005, Kevin Downey filed Case No. 05-3001 in the United States District Court for the Central District of Illinois, Springfield Division, naming Charles Shonkwiler, Pam Jurkoshek, Roberta Fews, and ROE as defendants.

1

2. On or about January 6, 2005, Plaintiff Janice Tuxhorn filed Case No. 05-3004 in the United States District Court for the Central District of Illinois, Springfield Division, Case No. 05-3004, naming Charles Schonkwiler, Pam Jurkoshek, Roberta Fews, and ROE as defendants.

3. The complaints filed in Case Nos. 05-3001 and 05-3004 were virtually identical in that they named the same defendants, alleged the same claims and issues and were filed by the same attorney.

4. Defendant Shonkwiler resides in Macon County. He is the Regional Superintendent of Schools for the ROE, which is also located in Macon and Piatt Counties. Defendant Jurkoshek resides in Sangamon County. She is the coordinator of the Macon/Corrections Special Education District (hereinafter "MCSED"), which is also located in Sangamon County. Plaintiff Tuxhorn resides in Sangamon County and formerly worked out of the MCSED office located in Sangamon County. Defendant Fews works for the Illinois Department of Corrections, which has its central office in Sangamon County.

5. Plaintiffs Tuxhorn and Downey are represented by Attorney John Kerley who has his principal place of business in Sangamon County. Defendant Fews is represented by Assistant Attorney General Ericka Sanders who is located in Sangamon County. Defendants Shonkwiler, Jurkoshek and the ROE are represented by Attorney Dennis Weedman who has his principal place of business in Macon County, but resides in Sangamon County.

6. On January 28, 2005, the Springfield Division transferred Tuxhorn's complaint,

Case No. 05-3004, to the Urbana Division where it was renumbered as Case No. 05-2020.

7. On April 13, 2005, Defendants Shonkwiler, Jurkoshek and ROE filed a Motion to Dismiss in Downey's case in the Springfield Division.

8. On April 13, 2005, Defendants Shonkwiler, Jurkoshek and ROE filed an identical Motion to Dismiss in Tuxhorn's case in the Urbana Division.

9. On May 17, 2005, the Springfield Division entered an Order in Case No. 05-3001 granting Defendant's Motion to Dismiss, in part, and granting Kevin Downey leave to file an Amended Complaint.

10. A motion to transfer pursuant to 28 U.S.C.A. § 1404(b) is proper where (1) venue is proper in the transferor district; (2) venue would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses, and the interest of justice. *Clear Channel Outdoor, Inc. V. Rubloff Oakridge Algonquin, L.L.C.*, 2003 WL 22382999 (N.D. Ill. 2003); *Anderson v. Norman Rice Painting Inc.*, 2003 WL 22053107 (N.D. Ill. 2003).

11. The Motion to Transfer Plaintiff Tuxhorn's case is appropriate in that venue is proper in both the Urbana and Springfield Divisions and transferring Tuxhorn's case to the Springfield Division will result in greater convenience to the parties and witnesses and serve the interest of justice by promoting consistent judgments.

12. A Motion to Consolidate is appropriate when it would promote trial convenience and economy in administration. *Flieshman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623 (E.D. Wis. 1984); *Kendzierski v. Mamala*, 1985 WL 5176 (N.D.

Ind. 1985); *Sage Products, Inc. v. Devon Industries, Inc., Sage Products, Inc. v. Becton, Dickinson and Company*, 148 F.R.D. 213 (N.D.Ill. 1993).

13. The Motion to Consolidate Plaintiff Tuxhorn's case with Case No. 05-3001 for discovery and trial is appropriate in that both cases concern common issues of law and fact and consolidation would promote trial convenience and economy.

14. The undersigned counsel for Defendants Shonkwiler, Jurkoshek and the ROE has contacted Attorney Kerley and Attorney Sanders, and they have reported that they have no objection to transferring Tuxhorn's case to the Springfield Division.

**WHEREFORE**, Defendants respectfully pray that this Court transfer Plaintiff Tuxhorn's case to the Springfield Division and consolidate for discovery and trial with Case No. 05-3001, currently pending in the Springfield Division.

Respectfully Submitted,

CHARLES SHONKWILER, PAM JURKOSHEK and MACON-PIATT REGIONAL OFFICE OF EDUCATION

By: Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.

By:  s/ Dennis L. Weedman
Dennis L. Weedman, Attorney Bar #6217010
Attorney for Defendants, CHARLES SHONKWILER, PAM JURKOSHEK and MACON-PIATT REGIONAL OFFICE OF EDUCATION
132 South Water, Suite 420
Decatur, Illinois 62523
Phone: 217/428-2100
Fax: 217/428-2186
E-Mail: dweedman@rsnlt.com