IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JANICE TUXHORN | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-2020 |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SHONKWILER, PAM | ) | |
| JURKOSHEK, ROBERTA FEWS, | ) | |
| and MACON-PIATT REGIONAL | ) | |
| OFFICE OF EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER PLAINTIFF'S CASE TO THE SPRINGFIELD DIVISION AND CONSOLIDATE WITH CASE NUMBER 05-3001**

NOW COMES the Defendants, CHARLES SHONKWILER, PAM JURKOSHEK and MACON-PIATT REGIONAL OFFICE OF EDUCATION (hereinafter "ROE"), by ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., Dennis L. Weedman as counsel, and pursuant to 28 U.S.C. A.§ 1404(b), Federal Rule of Civil Procedure 42(a) and Local Rule 42(1) of the United States District Court for the Central District of Illinois, moves this Court to transfer Plaintiff's case to the Springfield Division and Consolidate for discovery and trial with Case Number 05-3001, currently pending before the Springfield Division, and in support thereof, states as follows:

**I. INTRODUCTION**

On or about January 3, 2005, Kevin Downey filed Case No. 05-3001 in the United States District Court for the Central District of Illinois, Springfield Division, naming Shonkwiler,

Jurkoshek, Fews and the ROE as Defendants.  On or about January 6, 2005, Plaintiff Janice Tuxhorn filed Case No. 05-3004 in the United States District Court for the Central District of Illinois, Springfield Division, Case No. 05-3004, naming Shonkwiler, Jurkoshek, Fews and the ROE as Defendants.

In addition to naming the same Defendants, both complaints allege a cause of action arising under 42 U.S.C. §1983 and §1988.  Both complaints allege: (1) a violation of the First and Fourteenth Amendments for termination of employment based on  political considerations; (2) breach of contract; and (3) tortious interference.  Both complaints were filed by John E. Kerley of Kerley and Associates, P.C., who's offices are located in Sangamon County.

Defendant Shonkwiler resides in Macon County.  He is the Regional Superintendent of Schools for the  ROE, which is located in Macon and Piatt Counties.  Defendant Jurkoshek resides in Sangamon County.  She is the coordinator of the Macon/Corrections Special Education District (hereinafter "MCSED"), which is located  in Sangamon County.   Plaintiff Tuxhorn resides in Sangamon County and formerly worked out of the MCSED office located in Sangamon County.  Defendant Fews works for the Illinois Department of Corrections, which has its central office in Sangamon County.  Defendant Fews is represented by Assistant Attorney General Ericka Sanders, who is located in Sangamon County.  Defendants Shonkwiler, Jurkoshek and the ROE are represented by Attorney Dennis Weedman, who's principal place of business is in Macon County, but resides in Sangamon County.

On January 28, 2005, the Springfield Division  transferred Plaintiff Tuxhorn's case to the Urbana Division where it became Case No. 05-2020.  On April 13, 2005, Shonkwiler, Jurkoshek and ROE filed a Motion to Dismiss  Downey's case in the Springfield Division.  On April 13,

2005, Shonkwiler, Jurkoshek and the ROE filed an identical Motion to Dismiss Tuxhorn's case in the Urbana Division.

Pursuant to Local Rule 42.1, the undersigned informed this Court on April 21, 2005 during the Rule 16 discovery conference in Case No. 05-2020 that a related case was pending in the Springfield Division. On May 17, 2005, the Court in the Springfield Division issued an Order in Case No. 05-3001, granting Shonkwiler, Jurkoshek and Roe's Motion to Dismiss, in part, and granting Downey leave to file an Amended Complaint.

## II. ARGUMENT

**1.      28 U.S.C.A. §1404(b) standard.**

A motion to transfer pursuant to 28 U.S.C.A. §1404(b) is proper where (1) venue is proper in the transferor district; (2) venue would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses, and the interest of justice. *Clear Channel Outdoor, Inc. V. Rubloff Oakridge Algonquin, L.L.C.*, 2003 WL 22382999 (N.D. Ill. 2003); *Anderson v. Norman Rice Painting Inc.*, 2003 WL 22053107 (N.D. Ill. 2003).

**2.      Venue is proper in both the Urbana and Springfield Divisions and transferring Tuxhorn's case to the Springfield Division will result in greater convenience to the parties and witnesses and serve the interest of justice.**

Venue for Plaintiff Tuxhorn's case is proper in both the Urbana and Springfield Divisions. Local Rule 40.1 states that complaints arising from Macon County be filed in the Urbana Division. As explained above, Defendant Shonkwiler resides in Macon County and the ROE is located in Macon County. Therefore, venue is proper in the Urbana Division. However, Local Rule 40.1 also states that complaints arising from Sangamon County should be filed in the Springfield Division. As explained above, Defendant Jurkoshek resides in Sangamon County

and the MCSED offices are located in Sangamon County. In addition, Plaintiff Tuxhorn resides in Sangamon County and formerly worked out of the MCSED office located in Sangamon County. Defendant Fews works for the Illinois Department of Corrections, which has its central office in Sangamon County. Therefore, venue is also proper in the Springfield Division.

In addition, a transfer to the Springfield Division would serve the convenience of the parties and witnesses. Indeed, Tuxhorn's original complaint was filed in the Springfield Division, which indicates that Tuxhorn believed the Springfield Division to be an appropriate and convenient forum to file her complaint. Transfer to the Springfield Division would also serve the interest of justice, as it would increase the likelihood of consistent judgments.

**3.    Rule 42(a) standard.**

Fed. R. Civ. P. 42(a) states:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Courts are given broad discretion to determine whether consolidation is appropriate. *Kendzierski v. Mamala*, 1985 WL 5176, 1 (N.D. Ind. 1985). Consolidation may be deemed appropriate when the actions involve the same parties or if different plaintiffs are seeking the same relief through separate actions. *Id.* The party moving for consolidation must demonstrate "that consolidation would promote trial convenience and economy in administration due to factors other than a mere commonality of legal and factual issues." *Flieshman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623, 624-625 (E.D. Wis. 1984). The parties do not have to consent or agree to consolidation. *Sage Products, Inc. v. Devon Industries, Inc., Sage Products,*

4

*Inc. v. Becton, Dickinson and Company*, 148 F.R.D. 213, 215 (N.D.Ill., 1993).

Gen & Civ. Local Rule 42.1 requires cases to be "related" for consolidation. Local Rule 42.1 states:

> When a party or counsel for a party knows that a newly filed case is related to another case already pending in this district, the parties shall be responsible for bringing the matter to the court's attention at the first opportunity but not later than the Rule 16 discovery conference or the first motion hearing, whichever occurs earliest. Consolidation of the cases will be considered at that time.
>
> Later-filed cases may be transferred to the judge assigned to the first-filed suit, regardless of whether the cases are consolidated.

In considering the concept of "relatedness", the District Court for the Northern District of Illinois held that "a finding of 'relatedness' may rest on the fact that the 'case involve some of the same issues of law or fact.'" *Ladensberger v. National Technology Transfer, Inc.* 2000 WL 1349247, 2 (N.D. Ill. 2000). For the reasons set forth herein, Plaintiff Tuxhorn's case should be transferred to the Springfield Division and consolidated with Case No. 05-3001, as both cases involve the same issues of law and fact and consolidation would promote trial convenience and economy.

**4. Consolidation is appropriate in that both cases concern common issues of law or fact.**

The cases filed by Downey and Tuxhorn clearly involve common issues of law or fact. Both cases allege that the Defendants violated their rights under the First and Fourteenth Amendments, committed a breach of contract and that their actions constituted tortious interference with their right to employment. Both cases arise from the termination of Downey and Tuxhorn's employment with MCSED on or about May 26, 2004 and June 30, 2004,

5

respectively, on an allegedly political basis.

In the *Kendzierski* case, the court found that two parties alleging they were subject to patronage firing in violation of 42 U.S.C. §1983 was a factor supporting consolidation. The *Kendzierski* court ultimately rejected the motion to consolidate because the facts of the two cases were totally separate, the incidents did not occur at the same times, and the cases involved different defendants and different reasons for the actions. Unlike *Kendzierski*, the cases filed by Downy and Tuxhorn involve the same defendants, the same causes of action and incidents that took place at approximately the same time.

**5.   Consolidation would promote trial convenience and economy.**

Consolidating Tuxhorn's case for discovery and trial with Case No. 05-3001, currently pending in the Springfield Division, would certainly promote trial convenience and economy. Since both cases involve common questions of law and fact, judicial efficiency and consistency of opinions would be served by consolidation. See *Morrison v. National Ben. Life Ins. Co.,* 889 F.Supp. 945 (S.D.Miss., 1995). Courts disapprove of two separate actions asserting essentially the same facts and legal theories proceeding before two different judges, particularly when the same counsel represents both plaintiffs. See *Grayson v. K Mart Corp.*, 79 F.3d 1086 (11th Cir. 1996).

In addition, since Downey and Tuxhorn name the same Defendants and allege the same causes of action, the witness lists in both cases are likely to be substantially the same. In *Ladensberger*, the court found that "there would be a meaningful saving of judicial effort by consolidating" if the list of witnesses in two cases is substantially the same. *Ladensberger* at 2. The *Ladensberger* court also found that the jury "would be better equipped to make an informed

decision upon hearing all of the issues involved." *Id.* Consolidating Tuxhorn and Downey's cases will avoid duplicate discovery, duplicate testimony and potentially inconsistent decisions.

**6.     Additional considerations favoring the motion to transfer and consolidate.**

It should be noted that Downey's complaint in Case No. 05-3001 was filed in the Springfield Division on or about January 3, 2005. This complaint was filed before Tuxhorn filed her complaint. Therefore, Tuxhorn's case is the "later-filed" case, and may be transferred to the judge assigned to the Downey case, regardless of consolidation, per Local Rule 42.1.

An additional consideration favoring the motion to transfer and consolidate is the fact that the Springfield Division has already ruled on Defendant's Motion to Dismiss Case No. 05-3001, a motion that raised the same legal arguments made in the Motion to Dismiss Tuxhorn's case. The Urbana Division has not yet ruled on said Motion to Dismiss. Consolidating the two cases at this juncture will promote the likelihood of consistent rulings on these motions.

Finally, the fact that the two cases in question are in the same discovery stage is a factor supporting consolidation. See *Ladensberger,* 2000 WL 1349247, 2 (N.D. Ill. 2000).

**WHEREFORE**, Defendants respectfully pray that this Court transfer Plaintiff Tuxhorn's case to the Springfield Division and consolidate for discovery and trial with Case No. 05-3001, currently pending in the Springfield Division.

Respectfully Submitted,

CHARLES SHONKWILER, PAM JURKOSHEK and
MACON-PIATT REGIONAL OFFICE OF EDUCATION

BY ROBBINS, SCHWARTZ, NICHOLAS, LIFTON
     & TAYLOR, LTD.

By:  s/    Dennis L. Weedman

    Dennis Weedman, Attorney Bar #6217020  
Attorney for Defendants, CHARLES SHONKWILER,  
PAM JURKOSHEK and MACON-PIATT REGIONAL  
OFFICE OF EDUCATION  
 132 South Water Street, Suite 420  
 Decatur, Illinois 62523  
 Phone: 217/428-2100  
 Fax: 217/428-2186  
 e-mail: dweedman@rsnlt.com

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANICE TUXHORN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  NO. 05-2020 |
| | ) |
| CHARLES SHONKWILER, PAM | ) |
| JURKOSHEK, ROBERTA FEWS, | ) |
| and MACON-PIATT REGIONAL | ) |
| OFFICE OF EDUCATION, | ) |
| | ) |
|     Defendants. | ) |

### CERTIFICATE OF SERVICE

    I hereby certify that on June 7, 2005, I electronically filed the Defendants' Motion To Transfer Plaintiff's Case To the Springfield Division And Consolidate With Case Number 05-3001 and Defendants' Memorandum Of Law In Support Of Motion To Transfer Plaintiff's Case To The Springfield Division And Consolidate With Case Number 05-3001, with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

    John Kerley at LawyerJohn@aol.com
    Ericka Sanders at esanders@atg.state.il.us

                                        Respectfully submitted,

                                        /s/ Dennis L. Weedman
                                        Dennis Weedman, Attorney Bar #6217020
                                        Attorney for Defendants, Charles
                                        Shonkwiler, Pam Jurkoshek and Macon-
                                        Piatt Regional Office Of Education
                                        132 South Water St., Suite 420
                                        Decatur, Illinois 62523
                                        Phone: 217/428-2100
                                        Fax: 217/428-2186
                                        E-Mail: dweedman@rsnlt.com